Prob 12
(Rev 3/91)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

SEP - 9 2009

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

U.S.A. vs. Adam Lang

Docket No. 04-00178-001

## Petition on Probation

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Adam Lang, who was placed on supervision by the Honorable Thomas M. Hardiman, sitting in the Court at Pittsburgh, Pennsylvania, on the 19th day of August 2005, who fixed the period of supervision at five years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall pay a $100 special assessment and restitution in the amount of $4,400.
- Shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.
- Shall not possess a firearm, destructive device, or any other dangerous weapon.
- Shall provide the probation officer with access to any requested financial information.
- Shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- Shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as defendant is released from the program by the probation officer. The defendant shall submit to 1 drug test within 15 days of placement on probation and at least 2 periodic tests thereafter, as determined by the Court. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost.
- Shall participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
- Shall be placed on home detention for a period of six months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. At the direction of the probation officer, the defendant shall wear an electronic device and shall observe the rules specified by the Probation Office.
- Shall cooperate in the collection of DNA as directed by the probation officer.

08-19-05:  Conspiracy; Probation five years; Currently supervised by U.S. Probation Officer Eric S. Lawson.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the client has violated the following conditions of probation:

**The defendant shall not commit another federal, state, or local crime.**

According to a criminal complaint filed by the Pennsylvania State Police at OTN K783164-4, on April 5, 2009, at approximately 8:05 p.m., a uniformed trooper was monitoring traffic on Route 28 in Harmar Township. Radar tracked the probationer operating a vehicle at 75 miles per hour, and a traffic stop was initiated. An odor of burnt marijuana was detected, and Mr. Lang was seen dumping out a marijuana roach from the ashtray and gave police a baggie containing suspected marijuana, which was inside his vehicle. A pill that the probationer identified as aspirin was also recovered. He told police he smoked marijuana about

U.S.A. vs. Adam Lang
Docket No. 04-00178-001
Page 2

15 minutes prior to the vehicle stop being made, and at that point, he was arrested. Mr. Lang was transported to the Armstrong County Memorial Hospital for blood testing, which revealed the presence of Oxycodone in his system. Additionally, a crime laboratory report indicated that substances recovered from the probationer tested positive for marijuana and Oxycodone.

The probationer was charged with Driving Under the Influence of a Controlled Substance (three counts), Possession of a Controlled Substance, Possession of Marijuana, Possession of Drug Paraphernalia, Disorderly Conduct, and various vehicle code violations. At a preliminary hearing on July 13, 2009, at Magisterial District 05-3-03, located in Cheswick, Pennsylvania, the charges of Possession of Marijuana and Possession of Drug Paraphernalia were withdrawn, and the remaining charges were waived to the Allegheny County Common Pleas Court, where the case is docketed at CC-11049-2009. Further proceedings are pending.

On September 2, 2009, the probationer was arrested by the Pittsburgh Police Department. At OTN G476129-3, he was charged with Possession of Ecstasy. Police encountered the probationer at 139 Rhine Court in Pittsburgh, Pennsylvania, and noticed him trying to conceal a baggie containing 17 Ecstasy pills. He was arrested and processed at the Allegheny County Jail and released on his own recognizance on September 3, 2009. A preliminary hearing is scheduled for September 9, 2009.

**The defendant shall participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**

According to noncompliance reports received from McAllister Forensic Associates, the probationer had failed to maintain scheduled counseling sessions on July 22, 2009; August 19, 2009; and August 26, 2009.

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

A urine specimen submitted by the probationer on September 2, 2009, tested positive for the presence of cocaine. On September 4, 2009, the probationer acknowledged to the probation officer that he used cocaine on August 31, 2009.

The probationer has signed the enclosed waiver form, which permits the Court to add the condition that he shall reside in the community confinement center at Renewal, Inc., for a period not to exceed six months and that he shall observe the rules of that facility. Placement in the community confinement center shall commence upon discharge from inpatient substance abuse treatment.

U.S.A. vs. Adam Lang
Docket No. 04-00178-001
Page 3

PRAYING THAT THE COURT WILL ORDER that the probationer shall reside in the community confinement center at Renewal, Inc., for a period not to exceed six months and that he shall observe the rules of that facility. Placement in the community confinement center shall commence upon discharge from inpatient substance abuse treatment.

ORDER OF COURT

Considered and ordered this 10 day of Sept, 20 09 and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  September 8, 2009

_____
Eric S. Lawson
U.S. Probation Officer

_____
Roselyn Gerson
Supervising U.S. Probation Officer

Place:   Pittsburgh, Pennsylvania