Prob 12
Rev 3/80

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

FILED
DEC 21 2009
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

U.S.A. vs. Adam Lang                                    Docket No. 04-00178-001

### Petition on Probation

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Adam Lang, who was placed on supervision by the Honorable Thomas M. Hardiman, sitting in the Court at Pittsburgh, Pennsylvania, on the 19th day of August 2005, who fixed the period of supervision at five years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall pay a $100 special assessment and restitution in the amount of $4,400.
- Shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.
- Shall not possess a firearm, destructive device, or any other dangerous weapon.
- Shall provide the probation officer with access to any requested financial information.
- Shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- Shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as defendant is released from the program by the probation officer. The defendant shall submit to 1 drug test within 15 days of placement on probation and at least 2 periodic tests thereafter, as determined by the Court. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost.
- Shall participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
- Shall be placed on home detention for a period of six months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. At the direction of the probation officer, the defendant shall wear an electronic device and shall observe the rules specified by the Probation Office.
- Shall cooperate in the collection of DNA as directed by the probation officer.

08-19-05:   Conspiracy; Probation five years; Currently supervised by U.S. Probation Officer Eric S. Lawson.

09-10-09:   Conditions of probation modified by Chief Judge Lancaster to reflect that the probationer shall reside in the community confinement center at Renewal, Inc., for a period not to exceed six months and that he shall observe the rules of that facility. Placement in the community confinement center shall commence upon discharge from inpatient substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the client has violated the following conditions of probation:

U.S.A. vs. Adam Lang
Docket No. 04-00178-001
Page 2

> Shall reside in the community confinement center at Renewal, Inc., for a period not to exceed six months and that he shall observe the rules of that facility. Placement in the community confinement center shall commence upon discharge from inpatient substance abuse treatment.

In conjunction with a modification order issued by the Court on September 10, 2009, the probationer commenced service of his placement at Renewal, Inc., on October 8, 2009, following discharge from inpatient substance abuse treatment at Gateway Rehabilitation Center. According to an absconder report, on Wednesday, December 16, 2009, Mr. Lang was authorized to sign-out of the center at 12:55 p.m. for job search activities, and was scheduled to return at 3:30 p.m. He failed to return as directed.

> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

> **The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.**

The probationer made telephonic contact with legal counsel and the probation officer on Friday, December 18, 2009. The probationer indicated he was in the Tarentum, Pennsylvania area. He was given instructions to immediately report to the probation officer, which he failed to do. Additional attempts to reach the probationer have been unsuccessful, and his whereabouts remain unknown.

> **The defendant shall not commit another federal, state, or local crime.**

According to a criminal complaint filed by the Pennsylvania State Police at OTN K783164-4, on April 5, 2009, at approximately 8:05 p.m., a uniformed trooper was monitoring traffic on Route 28 in Harmar Township. Radar tracked the probationer operating a vehicle at 75 miles per hour, and a traffic stop was initiated. An odor of burnt marijuana was detected, and Mr. Lang was seen dumping out a marijuana roach from the ashtray and gave police a baggie containing suspected marijuana, which was inside his vehicle. A pill that the probationer identified as aspirin was also recovered. He told police he smoked marijuana about 15 minutes prior to the vehicle stop being made, and at that point, he was arrested. Mr. Lang was transported to the Armstrong County Memorial Hospital for blood testing, which revealed the presence of Oxycodone in his system. Additionally, a crime laboratory report indicated that substances recovered from the probationer tested positive for marijuana and Oxycodone. On December 10, 2009, in the Court of Common Pleas of Allegheny County, at CC No. 11049-2009, the probationer pled guilty to Driving Under the Influence (Controlled Substance or Metabolite, 1st Offense), (Count 1); Driving Under the Influence (Controlled Substance, Impaired Ability, 1st Offense), (Count 2); Possession of a Controlled Substance (Marijuana), (Count 3); Disorderly Conduct, (Count 4) and various vehicle code violations (Counts 5, 6, and 7). At Count 1, he was sentenced to 3 to 6 days' imprisonment and 6 months' probation. No further penalty was imposed at the remaining counts.

On September 2, 2009, the probationer was arrested by the Pittsburgh Police Department. Police encountered the probationer at 139 Rhine Court in Pittsburgh, Pennsylvania, and noticed him trying to conceal a baggie containing 17 Ecstasy pills. On September 9, 2009, he pled entered a guilty plea (Probation Without Verdict), in the Court of Common Pleas of Allegheny County, at CC No. 13456-2009, to Possession of a Controlled Substance (Ecstasy), and was sentenced to 6 months' probation.

U.S.A. vs. Adam Lang
Docket No. 04-00178-001
Page 3

PRAYING THAT THE COURT WILL ORDER a bench warrant be issued for the arrest of the probationer for alleged violations of supervision and that bond be set at $ __25,000.00__.

| ORDER OF COURT | |
|---|---|
| Considered and ordered this 22nd day of Dec., 2009 and ordered filed and made a part of the records in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| _[signature]_ | Executed on December 18, 2009 |
| Gary L. Lancaster<br>Chief U.S. District Judge | _[signature]_<br>Eric S. Lawson<br>U.S. Probation Officer |
| | _[signature]_<br>Roselyn Gerson<br>Supervising U.S. Probation Officer |
| | Place: Pittsburgh, Pennsylvania |